Filed 5/20/13  P. v. Torres CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SECUNDINO TEODORO TORRES,<br><br>    Defendant and Appellant. | D062136<br><br><br>(Super. Ct. No. SCN270271) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed as modified.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

Secundino Teodoro Torres appeals for a second time in this action in which he was convicted of committing numerous acts of sexual molestation on C. when she was between the ages of eight and 12. After we modified the judgment as a result of Torres's first appeal to reflect lesser included offenses on two of the counts and remanded for resentencing, the trial court resentenced Torres to prison for a term of 72 years eight months.

Torres contends that he received ineffective assistance from defense counsel because she failed to argue at resentencing that the trial court should exercise its discretion to impose concurrent rather than consecutive sentences for some of the counts. As we will explain, we conclude that the record on appeal is insufficient to establish that defense counsel provided ineffective assistance, and we therefore reject Torres's argument. Torres also argues, and the Attorney General agrees, that the abstract of judgment should be modified to correct a clerical error. We order the trial court to correct the clerical error in the abstract of judgment, and we otherwise affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

As we explained in an earlier nonpublished opinion in this matter, *People v. Torres*, D057891 (Dec. 19, 2011) (the 2011 opinion),[1] Torres was found guilty of nine

---

[1] We have taken judicial notice of the contents of the record of the first appeal.

counts of forcible lewd acts on a child (Pen. Code, § 288, subd. (b)(1));[2] 18 counts of nonforcible lewd acts on a child (§ 288, subd. (a)); two counts of employing a minor to perform prohibited acts (§ 311.4, subd. (c)); and one count of possessing matter depicting a person under the age of 18 in sexual conduct (§ 311.11, subd. (a)). The trial court sentenced Torres to prison for 94 years eight months, running all of the sentences for the lewd act counts and forcible lewd act counts consecutively to each other.

Torres's conviction was based on the molestation of C. that occurred on several different days when C. was between the ages of eight and 12.[3] Some of the lewd act counts were based on Torres's molestation of C. that was recorded on videotape by Torres on two different occasions.[4] The remaining lewd act counts were based on several different incidents that C. recalled but that were not captured on videotape.

In the 2011 opinion, we modified the convictions on counts 16 and 17 (two of the forcible lewd acts not depicted on the videotape) to reflect convictions on a lesser included offense of nonforcible lewd acts (§ 288, subd. (a)). We also concluded that the

---

[2]    Unless otherwise indicated, all further statutory references are to the Penal Code.

[3]    Based on the acts depicted in the videotape, Torres was convicted of eight counts of nonforcible lewd acts on a child in counts 1 through 3, 6 and 7, and 9 through 11 (§ 288, subd. (a)), and with two counts of forcible lewd acts on a child in counts 4 and 8 (§ 288, subd. (b)(1)). The videotape and similar photographs were also the basis for the conviction in counts 5 and 12 of using a minor to perform prohibited acts (§ 311.4, subd. (c)), and in count 31 of possessing matter depicting a person under the age of 18 in sexual conduct (§ 311.11, subd. (a)).

[4]    Based on incidents reported by C., but not depicted on the videotape, Torres was convicted of 10 counts of lewd acts on a child in counts 18 through 24, and 26 through 28 (§ 288, subd. (a)), and with seven additional counts of forcible lewd acts on a child in counts 13 through 17, 25 and 30 (§ 288, subd. (b)(1)).

trial court erred in ruling that counts 13, 14 and 15 were subject to a mandatory full-term consecutive sentence under section 667.6, subdivision (d), and we remanded for the trial court to exercise its discretion as to whether Torres should receive consecutive sentences for those counts.

Because we were remanding the matter for resentencing, we specifically declined in the 2011 opinion to rule on Torres's contention that the trial court abused its discretion by imposing consecutive sentences for the nonforcible lewd acts based on its conclusion that "they're separate acts, separate attacks, separate opportunity to reflect, and I think as a result should be run consecutively."[5]

On remand, the trial court exercised its discretion with respect to the forcible lewd acts in counts 13, 14 and 15 to run counts 14 and 15 concurrent to count 13. The trial court also decided to run the sentence for count 17 concurrent to the sentence for count 16.

The trial court specifically addressed whether to revisit its decision on consecutive sentencing for the remaining counts that were not affected by our decision in the 2011 opinion. The court stated, "I recognize that on appeal the court can look at the whole sentencing structure over again, including all of those counts, but I think nothing has changed with respect to any of those counts that should cause the court to change its sentencing. I think each of the sentencing choices and reasons the court gave in the

---

5      In the original appeal, Torres argued that even though the trial court had discretion to decide whether to impose consecutive or concurrent sentences for the nonforcible lewd act counts, it abused its discretion in doing so because the reasons it gave were not supported by the record.

4

original sentence still appl[y], and I am applying them to this sentencing." The trial court accordingly imposed consecutive sentences for the nonforcible lewd act counts, as it had done for the previous sentencing, for a total prison term of 72 years eight months.

II

DISCUSSION

A.  *Torres Has Not Established Ineffective Assistance of Counsel*

Torres contends that defense counsel was ineffective at the sentencing hearing on remand because she did not argue that the trial court should revisit its decision to impose consecutive sentences for the nonforcible lewd act counts.

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) A defendant claiming ineffective assistance of counsel has the burden to show:  (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *Ledesma*, at pp. 216, 218.) Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.)  Further, "[r]eviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions."

5

(*People v. Lucas* (1995) 12 Cal.4th 415, 442; see also *People v. Anderson* (2001) 25 Cal.4th 543, 569.)

Here, the record on direct appeal is insufficient to establish that defense counsel offered ineffective assistance. Specifically, statements made during the sentencing hearing make clear that the trial court and counsel participated in an unreported discussion in the trial court's chambers prior to the reported sentencing hearing. Moreover, instead of repeating the content of those discussions on the record, defense counsel stated at the outset of the sentencing hearing, "We will submit on the discussions we had in chambers." As Torres correctly points out, defense counsel did not argue *during the reported portion* of the sentencing hearing that the trial court should revisit its decision to impose consecutive sentences for the nonforcible lewd act counts. However, the appellate record contains no indication of whether defense counsel raised that issue during the *unreported* discussion in chambers.

It is well established " 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Because we do not know what was discussed in chambers, we are not able to conclude that "there simply could be no satisfactory explanation" for defense counsel's failure to raise the issue of consecutive sentencing for the nonforcible lewd acts during the sentencing discussion

6

that appears in the reporter's transcript.  (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)
As the content of the unreported discussion in chambers may provide an explanation for
defense counsel's failure to argue at the sentencing hearing in favor of concurrent
sentences for some or all of the nonforcible lewd act counts, we reject — in the context of
Torres's direct appeal — the contention that defense counsel offered ineffective
assistance of counsel.

B.      *Correction of the Abstract of Judgment for Counts 16 and 17*

As Torres points out, the abstract of judgment erroneously fails to reflect that
counts 16 and 17 were reduced from forcible lewd acts (§ 288, subd. (b)(1)) to
nonforcible lewd acts (§ 288, subd. (a)).  The Attorney General concurs that the error
should be corrected.

We accordingly order that the abstract of judgment be modified to correctly reflect
convictions on counts 16 and 17 for nonforcible lewd acts in violation of section 288,
subdivision (a).  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [discussing appellate
court's authority to order correction of the abstract of judgment].)

## DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect that the convictions for counts 16 and 17 are for nonforcible lewd acts in violation of section 288, subdivision (a).  The trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.